UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

PATRICIA G. GILBERT, §
 §
       Plaintiff, §
 §
versus §   CIVIL ACTION H-05-0065
 §
JO ANNE B. BARNHART, §
COMMISSIONER OF THE SOCIAL §
SECURITY ADMINISTRATION, §
 §
       Defendant. §

# Opinion on Summary Judgment

1.    *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Patricia G. Gilbert is not disabled under the terms of the Social Security Act. It does.

Gilbert brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2.    *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a

conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4. *Background.*

From 1987 to 2000, Gilbert worked as a computer-aided drafter for the Coastal Corporation. In June 2000, she applied for disability benefits alleging an inability to work because of her depression, anxiety, fibromyalgia, chronic fatigue, carpal-tunnel syndrome, hypothyroid, and hypertension. Relying on the evaluations of several physicians, a psychiatrist, and a vocational technician, the hearing officer found that: (a) Gilbert was not disabled, (b) her testimony was not credible, and (c) that she could work as a computer-aided drafter.

Gilbert objects that the hearing officer overlooked her obesity, failed to consider all effects of carpal-tunnel syndrome, and relied on an inadequate hypothetical question posed to the vocational technician.

5. *Application.*

By failing to raise obesity in the initial determination, redetermination, hearing, or appeal, she is precluded from raising it here. Assumptions will not be made on the effects of obesity combined with other impairments. Gilbert offered no proof that obesity contributed to her inability to work or to find work. She was never diagnosed with or had any medical notes indicating obesity. Obesity is voluntary, and Gilbert has not attempted to correct her obesity with diet and exercise. Although her hypothyroid

condition may contribute to her obesity, it is not an excuse to refrain from correcting the problem.

In March 2000, a doctor diagnosed Gilbert with carpal-tunnel syndrome, but records do not document further wrist-hand abnormalities or recommendations for surgery. A condition that can be reasonably mitigated by surgery is not disabling. Carpal-tunnel syndrome is a neurological impairment that may be severe. However, It does not reach the severity required by law for the benefits because it does not significantly limit Gilbert's ability to work. People with one-arm have a capacity to work in the American economy.

The government's reviewing physician determined that Gilbert could lift 25 pounds frequently, 50 pounds occasionally, sit, stand and walk about 6 hours of an 8 hour workday, and climb, balance, stoop, kneel, crouch, and crawl without limitations. A job exists for the her in the national economy.

Gilbert claimed that the hearing officer posed an inadequate hypothetical to the vocational technician. This claim is groundless as Gilbert was given the opportunity to correct the defect by asking her own question to the expert. The hearing officer's limited discussion of carpal-tunnel syndrome is consistent with a medical record that cites no functional limitation caused by the disorder.

6.   *Conclusion.*

The decision of the commissioner denying Gilbert's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed July 27, 2005, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge